IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMBER BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-481-RAW |
| ) | |
| SOLARA HOSPITAL MUSKOGEE, ) | |
| d/b/a CORNERSTONE HOSPITAL OF ) | |
| OKLAHOMA – MUSKOGEE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

    Before the court is the motion of the defendant to confirm arbitration award. Plaintiff commenced this action as one seeking relief for employment discrimination. Defendant filed a motion stating that the claims fell within the mandatory arbitration provision contained within its Employee Dispute Resolution Program. Plaintiff did not object to the motion and the court granted it (#11).

    In the present motion, defendant states that the arbitrator granted defendant's motion for summary judgment and seeks a final judgment. Plaintiff has not filed an objection. The decision of the arbitrator is based in large part on judicial estoppel, based on the finding that plaintiff filed for bankruptcy but did not declare her legal claims against defendant as part of the bankruptcy estate.

    In the present motion, defendant states in passing: "On July 1, 2022, the Eastern District Bankruptcy Court entered an order reopening the Bankruptcy Proceedings." (#30 at ¶16). This has prompted the court to examine the record further. (This court may take

judicial notice of proceedings in the bankruptcy court. *See St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir.1979)). Plaintiff was terminated from employment May 13, 2020. The Bankruptcy Petition (case no. 20-80450) was filed May 7, 2020 and discharge was granted September 7, 2020. The present lawsuit was filed on December 22, 2020.

The arbitrator found: "She responds in her defense that she did not understand she had an employment dispute when she signed the [Bankruptcy] Petition which is inconsistent with her statements that she believed she had been unlawfully terminated." (#30-5 at 2). This is oddly phrased, in that plaintiff had not yet been terminated when she filed the Bankruptcy Petition.

The arbitrator also found: "If the Debtor has enough information . . . prior to the confirmation of the Bankruptcy to suggest that it may have a possible cause of action, then that becomes a 'known' cause of action such that it must be disclosed." (*Id.*) (ellipsis in original). There is authority for this proposition, although the arbitrator did not cite it. *See In re Coastal Plains,* 179 F.3d 197, 208 (5th Cir.1999).

Finally, the arbitrator found: "I find this Motion is not defeated by Claimant's contention she intends to contact the Trustee and the Bankruptcy Court to attempt to reopen her Bankruptcy case" (#30-5 at 3). In the bankruptcy court, the present defendant opposed plaintiff's motion to reopen, citing *Eastman v. Union Pacific Railroad Co.,* 493 F.3d 1151, 1158-60 (10th Cir.2007). Nevertheless, the bankruptcy court has granted the motion.

Still, *Eastman* appears to stand for the proposition that such a reopening does not alter the legal proposition above regarding judicial estoppel. *See Gifford v. Lowe's Home Center, LLC,* 2022 WL 501743, *4 (N.D.Okla.2022). Based on the present record, the motion will be granted.

It is the order of the court that the defendant's motion to confirm arbitration award (#30) is granted.

**ORDERED THIS 26th DAY OF JULY, 2022.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**